**NOT FOR PUBLICATION**

```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

CHRISTOPHER BENTLEY,            :
                                :    Civil Action No. 06-4157 (RBK)
          Petitioner,           :
                                :
          v.                    :         **O P I N I O N**
                                :
CHARLES E. SAMUELS, JR.,        :
WARDEN,                         :
                                :
          Respondent.           :

**APPEARANCES:**

    CHRISTOPHER BENTLEY, Petitioner pro se
    #15746-018
    F.C.I. Fort Dix
    P.O. Box 7000
    Fort Dix, New Jersey 08640

**KUGLER**, District Judge

    This matter is before the Court on petitioner's motion pursuant to Fed.R.Civ.P. 60(b)(6), for relief from this Court's Order, filed on September 13, 2006, denying his petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Petitioner's motion is dated September 13, 2007 and was received by the Clerk's office on September 24, 2007.  The Court will consider the motion pursuant to Fed.R.Civ.P. 78.

I.  BACKGROUND

Petitioner, Christopher Bentley ("Bentley"), requests relief from this Court's September 13, 2006 Order denying his § 2241 petition for lack of jurisdiction because Bentley could not satisfy the "in custody" jurisdictional requirement of 28 U.S.C. § 2241(c)(3).  In his initial habeas petition, Bentley sought to challenge an immigration detainer lodged against him on April 19, 1995 by the Immigration and Naturalization Service.[1]  Bentley is currently a federal inmate confined at FCI Fort Dix, serving a 240-month prison term imposed on October 30, 1992, by the United States District Court for the Eastern District of New York.  The detainer remains on file while Bentley continues to serve his federal prison term.

Bentley states that the immigration detainer subjects him to deportation proceedings upon expiration of his sentence.[2]  The

---

[1]  Effective March 1, 2003, the Immigration and Naturalization Service ("INS") ceased to exist as an agency of the Department of Justice, and its functions were transferred to the Department of Homeland Security ("DHS").  See Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002).  The Bureau of Immigration and Customs Enforcement of the DHS is responsible for the interior investigation and enforcement functions that formerly were performed by the INS.

[2]  Bentley is a native and citizen of Jamaica.  He entered the United States on February 21, 1984 as a permanent resident alien in the sole care and custody of his father, Lloyd Bentley and step-mother, Madeline Bentley.  Before Bentley's eighteenth birthday, his father became a naturalized U.S. citizen.  Accordingly, Bentley contends that he automatically acquired U.S. citizenship by operation of law and thus, should not be subject to deportation.

detainer also prevents him from participating in the residential drug rehabilitation program and early release programs.

In dismissing Bentley's habeas petition, this Court found that Bentley, as a federal prisoner in the custody of the BOP while serving his 20-year criminal sentence, is subject to an immigration detainer that merely seeks notification in advance of his release from prison.  Bentley is not in the actual custody of the DHS, or other agency that may seek to deport him upon completion of Bentley's prison term.  Therefore, Bentley does not satisfy the "in custody" requirement for habeas relief to lift the detainer, and the petition was dismissed for lack of "in custody" jurisdiction under 28 U.S.C. § 2241(c)(3).[3]  (See this

---

[3]  Federal courts have jurisdiction to entertain an application for habeas relief only if a petitioner is "in custody," pursuant to the challenged judgment, in violation of the Constitution or laws or treaties of the United States. Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Obado v. New Jersey, 328 F.3d 716, 717 (2003); 28 U.S.C. § 2241(c).  But Supreme Court decisions have made it clear that habeas corpus "is not now and never has been a static, narrow, formalistic remedy; its scope has grown to achieve its grand purpose-- the protection of individuals against erosion of their right to be free from wrongful restraints upon their liberty." Jones v. Cunningham, 371 U.S. 236, 243 (1963).  Thus, the "in custody" requirement is satisfied where an individual is subject to "significant restraints on liberty ... which were not shared by the public generally," along with "some type of continuing governmental supervision," even if the individual is not subject to actual physical restraint.  See Obado, 328 F.3d at 717 (citations omitted).

In this vein, some federal courts have held that an alien who is not physically detained, but who is subject to a final order of removal, suffers sufficient restraint on his freedom to satisfy the custody requirement of § 2241.  See, e.g., Ceballos

Court's September 13, 2006 Opinion at pp.3-5, Docket Entry No. 2).

This Court also determined that the incidental effect of the immigration detainer on Bentley's eligibility for participation in certain prison programs does not violate any constitutional right to due process or equal protection.  (See September 13, 2006 Opinion at pp. 6-11, Docket Entry No. 2).

Now, in his motion for relief from this Court's Order of September 13, 2006, Bentley argues that this Court misapplied the law with respect to the "in custody" determination.  Bentley insists that the "United States intends to deport [him] upon his release from federal custody."  (Petitioner's Motion at pg. 2, Docket Entry No. 4).  He contends that the "impendency of deportation proceedings" satisfies the "in custody" requirement of 28 U.S.C. § 2241(c)(3), relying on Frazier v. Wilkinson, 842 F.2d 42, 43 n.2 (2d Cir. 1988)("the test for 'custody' is the

---

de Leon v. Reno, 58 F. Supp.2d 463, 469 n.14 (D.N.J. 1999) (collecting cases).  Alternatively, an alien who is confined pursuant to a criminal conviction, and who is subject to an INS detainer which seeks mere notification in advance of release, may not satisfy the custody requirement.  See Green v. Apker, 153 Fed. Appx. 77, 79 (3d Cir. 2005)(unpubl.) ("According to most courts which have considered the custody question, a prisoner who is serving a criminal sentence is not in B[ureau of] I[mmigration and] C[ustoms] E[nforcement] custody simply because the BICE has lodged a detainer against him with the prison where he is incarcerated.")(citing Garcia-Echaverria v. United States, 376 F.3d 507, 510-11 (6th Cir. 2004); Zolicoffer v. United States Dep't of Justice, 315 F.3d 538, 540-41 (5th Cir. 2003)).  (See this Court's September 13, 2006 Opinion at pp. 3-5, Docket Entry No. 2).

intention of the jurisdiction whose prospective [restraint] is sought to be challenged, rather than the technical pendency of a detainer").

## II.  ANALYSIS

Rule 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

"The general purpose of Rule 60(b) ... is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done."  Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978) (quoted in Coltec Industries, Inc. v. Hobgood, 280 F.3d 262, 271 (3d Cir.), cert. denied, 537 U.S. 947 (2002)).

> A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances."  Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981).  Rule 60(b), however, "does not confer upon the district courts a

>  'standardless residual of discretionary power to set aside judgments.'" <u>Moolenaar v. Government of the Virgin Islands</u>, 822 F.2d 1342, 1346 (3d Cir. 1987). Rather, relief under rule 60(b) is available only under such circumstances that the "'overriding interest in the finality and repose of judgments may properly be overcome.'" <u>Harris v. Martin</u>, 834 F.2d 361, 364 (3d Cir. 1987) (quoting <u>Martinez-McBean v. Government of the Virgin Islands</u>, 562 F.2d 908, 913 (3d Cir. 1977)). "The remedy provided by Rule 60(b) is 'extraordinary, and [only] special circumstances may justify granting relief under it.'" <u>Moolenaar</u>, 822 F.2d at 1346 (citations omitted).

<u>Tischio v. Bontex, Inc.</u>, 16 F. Supp.2d 511, 533 (D.N.J. 1998) (citations omitted).

Here, Bentley does not proffer any extraordinary or other special circumstances that would justify relief under Rule 60(b)(6). He merely disagrees with this Court's determination regarding the "in custody" jurisdictional requirement under 28 U.S.C. § 2241(c)(3). Moreover, the case petitioner relies upon is not applicable in this instance. In <u>Frazier</u>, the petitioner was challenging a consecutive state court sentence that was to be served after he completed his federal prison term. The state of Connecticut had not yet issued a detainer, but it was clear that the state had intended to have the petitioner serve his court-imposed state sentence. The Court of Appeals for the Second Circuit found that the pendency of the consecutive state sentence satisfied the "in custody" requirement of the habeas statute so that the petitioner could challenge the state sentence while

confined in federal prison, even if no detainer had been lodged against petitioner.

In the present case, there is no final order of removal similar to a final state sentence as imposed in the Frazier case. Rather, the detainer imposed by the INS (now ICE) merely seeks notification from the federal prison in advance of Bentley's release from his prison term; it does not suggest that an order of removal is imminent. This Court also is bound by the decisions rendered by the United States Court of Appeals for the Third Circuit, the jurisdiction in which this district court lies. The Third Circuit has held that a prisoner serving a criminal sentence is not in the custody of the ICE simply because the ICE has lodged a detainer against him at the prison where he is confined. See, e.g., Green v. Apker, 153 Fed. Appx. 77, 79 (3d Cir. 2005(unpubl.). Consequently, there is no "in custody" jurisdiction for this Court to consider habeas relief under 28 U.S.C. § 2241(c)(3) to lift the immigration detainer lodged against petitioner.

Therefore, the inapplicable Second Circuit case cited by Bentley does not serve to change the result reached by this Court in its original determination on September 13, 2006. Bentley has not demonstrated "extraordinary" and "special circumstances" to justify granting relief under Rule 60(b). Moolenaar, 822 F.2d at 1346 (citations omitted). Accordingly, there is no warrant for

relief under Fed.R.Civ.P. 60(b)(6), and the motion will be denied.

### III. CONCLUSION

For the reasons set forth above, petitioner's motion under Fed.R.Civ.P. 60(b)(6) for relief from this Court's September 13, 2006 Opinion and Order will be denied.  An appropriate order follows.

S/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: January 9, 2008